## Hinton v. Commonwealth.

(Decided January 24, 1930.)

W. A. DAUGHERTY and W. W. WILLIAMS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Galloway Gray, Hoover Hinton, and Clark Hinton were charged by indictment with the murder of Miles Bentley; such slaying being charged to have been done pursuant to a conspiracy formed for that purpose. Upon his separate trial, Hoover Hinton was found guilty of manslaughter, and his punishment fixed at two years' confinement in the penitentiary. He appeals.

Hoover Hinton was marshal of the city of Allen, in Floyd county. The 27th of January, 1929, was Sunday, and Miles Bentley and a number of his relatives and friends were in town that day. Miles had some whisky with him and some in him. He and his party were drinking and Miles was drunk. Hoover Hinton summoned Galloway Gray to assist him in arresting these parties. They actively resisted by shooting at the officers, and the officers shot at them. Both sides emptied their pistols. Gray then left the field. John Henry Carr, who was in Bentley's party, was wounded, and he was carried off the field. Hoover Hinton then secured a rifle and summoned his brother, Clark Hinton, to assist him in arresting these parties.

A second engagement then took place, in which Miles Bentley was killed. For the commonwealth it is insisted that at the time Miles Bentley was killed he was offering peaceably to submit to arrest, while Hinton contends he was resisting and was shooting at these officers. There is evidence from eyewitnesses to the difficulty supporting both contentions. Thus it was a question for the jury to determine which of the two sets of witnesses was telling the truth. The court cannot reverse a judgment because the jury believed one set of witnesses rather than another. See Gilbert v. Commonwealth, 228 Ky. 19, 14 S. W. (2d) 194.

The verdict of the jury was unfavorable to Hinton, but that verdict will have to stand unless the trial court committed some error which probably caused the jury to reach an erroneous conclusion. Hinton has set out in his motion and grounds for a new trial, and has presented here, the following reasons for which he says he should have a new trial:

"First. Because the verdict and finding of the jury is excessive and flagrantly against the evidence and is not supported by the law or the evidence.

"Second. Because the court erred in admitting incompetent evidence in rebuttal, in that he permitted one Tom Orsborn to testify and say 'that he had gone to the telephone post and sighted through the hole, and Hatcher, standing on the porch of Willie Hatcher's, could not see the post,' and also one Lige Porter to say 'that there were shots fired from behind the post.' "

The first reason is unavailing, because a verdict is not flagrantly against the evidence unless it is without support in any of the evidence. That is not the case here, for there is about as much evidence to support the contention of the commonwealth as there is to support the contention of the defendant. Coming now to his second reason, we find that Thomas Orsborn didn't testify to any such thing as he alleges. Here is what actually occurred:

Russell Hatcher is the son of Willie Hatcher. He is a freight clerk for the Chesapeake & Ohio, but on this day he was at home, and was seated on his father's back porch reading. He testified he saw this difficulty, and that at the time of the second engagement Hoover Hinton had called to Miles Bentley to come back and submit to arrest, and that Miles Bentley started back, then suddenly ran over to and got behind a telephone post, and fired his pistol at Hoover Hinton The commonwealth called Tom Orsborn in rebuttal, and Orsborn testified that since this difficulty he and others had gone to the scene of the difficulty, and that a person on the back porch of the Willie Hatcher residence could not see a man standing where Miles Bentley was when he was killed. This evidence was perfectly competent and properly admitted.

We have examined carefully the evidence of Lige Porter. It begins on page 45, and it is concluded on page 49, of the record. The commonwealth asked the witness 30 questions, the defendant asked him 15, and not an objection was made by either side to any question asked him, nor did he testify as alleged in this ground for new trial. His testimony was that there were no shots fired from behind the post. If he had testified as alleged in this ground for a new trial, his testimony would have been favorable to Hinton, because Miles Bentley was behind this post when he was killed, and Hinton's only excuse for killing him is that Bentley was

shooting at him. There is no merit in either of the grounds for a new trial.

The judgment is affirmed.